THE LAW OFFICE OF JOHN S. LOPEZ
John S. Lopez, State Bar No. 149291
290 Landis Ave., Suite C
Chula Vista, CA 91910
Telephone: (619) 934-8797

Attorneys for Plaintiff PATI LEAUPEPE

FILED
2008 SEP -3 PM 4:12
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY CNH DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATI LEAUPEPE, an individual,<br>Plaintiff,<br>vs.<br>C. & F. FISHING, LTD, *in personam*, and F/V DIANA, her engines, tackle, apparel, furniture, and appurtenances, *in rem;* DOES 1-10,<br>Defendants. | IN ADMIRALTY<br>Case No.'08 CV 1614 IEG NLS<br>SEAMAN'S COMPLAINT FOR PERSONAL INJURIES-JONES ACT; UNSEAWORTHINESS; MAINTENANCE AND CURE; STATUTORY WAGES<br>DEMAND FOR JURY TRIAL |

I.

GENERAL ALLEGATIONS

1. Jurisdiction is based on the Jones Act, 46 U.S.C. §688 and the Admiralty and Maritime Jurisdiction of this Court under 28 U.S.C. §1331 and 28 U.S.C. §1333.

2. Plaintiff PATI LEAUPEPE was at all times herein mentioned a seaman and entitled under the provisions of 28 U.S.C. §1916 to bring this Complaint without prepayment of cost or posting of bond.

3. Plaintiff is informed and believes that at all times relevant, Defendant C. & F. FISHING, LTD. was a California corporation that did business within the state of California and was and is subject to personal jurisdiction and venue within this judicial district.

4. At all times herein mentioned, the tuna fishing vessel F/V DIANA was a

United States flag vessel afloat upon navigable waters on the high seas of the Pacific Ocean. At all times relevant, F/V DIANA sailed on voyages from a port of the United States and was at least 20 gross tons as measured under sections 46 U.S.C. sections 14502, 14302 and 14104. Hereinafter, the "VESSEL" shall refer to F/V DIANA.

5. Plaintiff is informed and believes that the VESSEL will or may be within this district during the pendency of this action.

6. At all times relevant, Plaintiff is informed and believes that Defendants, including C. & F. FISHING, LTD, owned, operated, managed, maintained, controlled, chartered and navigated the VESSEL.

7. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 10 and therefore Plaintiff sues these Defendants by such fictitious names. Plaintiff will amend the Complaint to allege their true names and capacities when ascertained. In the meantime, Plaintiff is informed and believes that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were legally caused by such Defendants.

8. Plaintiff is informed and believes that all of the Defendants, including those sued as DOES 1 through 10, were and are the agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, employees and the like of their co-Defendants, and in doing the things hereinafter mentioned, were acting within the course and scope of their authority as such agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, and employees and the like with the permission, ratification or consent of their co-Defendants and thus are legally liable for punitive damages resulting from the acts or omissions of the others.

I.

FIRST CLAIM FOR RELIEF

(Jones Act Negligence)

9. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 8, above.

10. In or about August 25, 2007, Plaintiff was employed by Defendants and was working aboard F/V DIANA as a commercial fisherman at the specific request and for the benefit of Defendants.

11. In or about August 25, 2007, upon the high seas, Plaintiff was performing his regular duties when, through no fault of his own, his hand became entangled in a line controlled elsewhere on the VESSEL which cut, tore and fractured his skin, muscles, ligaments, nerves, and bones in his hand and arm, resulting in injury to Plaintiff's hand and arm and other parts of his body. Plaintiff was injured through no fault of his own but as a legal result of the negligence and unseaworthiness of Defendants.

12. Defendants were negligent in a number of ways, including, but not limited to, the following:

(a) Failing to provide Plaintiff with a safe place in which to work;

(b) Failing to exercise ordinary care under the circumstances to have the vessel's training, equipment and work methods in such a condition that Plaintiff would be able to perform his duties with reasonable safety;

(c) Failing to have proper safety and medical equipment aboard the vessel.

(d) Failing to abide by safety laws, regulations, statutes and customs and practice necessary for safety at sea.

(e) Failing to adequately and regularly inspect the equipment on board the vessel prior to its use, and allowing the equipment to fall into such a state of disrepair as to be unseaworthy.

(f) Failing to adequately and properly monitor and supervise the work of Plaintiff and other members of the crew such as to prevent such injury to Plaintiff.

13. As a proximate result of the aforesaid negligent acts and omissions, among others, Defendants breached the duty of care they owed to Plaintiff.

14. As a proximate result of the aforesaid negligent acts and omissions, among others, the Defendants breached the duty of care they owed to Plaintiff.

15. As a legal result of the Defendants' negligence, Plaintiff sustained serious and grievous physical and emotional injuries.

16. As a further legal result of the negligence of the Defendants, Plaintiff has sustained and will continue to sustain damages, including and without limitation, general damages, special damages, medical expenses, life care expenses, emotional distress and pain and suffering, all of which will be established at trial according to proof.

17. As a further legal result of the Defendants' negligence, Plaintiff lost and will continue to lose wages, earnings, income, and earning capacity, which will be established at trial according to proof.

II.

SECOND CLAIM FOR RELIEF

(Unseaworthiness)

18. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 17, above.

19. At all times herein relevant, Plaintiff was acting in the service of F/V DIANA and was performing duties of the type traditionally performed by a seaman.

20. At the time and place alleged herein, by the provisions of the General Maritime Law of the United States, Defendants and their agents, employees and servants warranted to Plaintiff that F/V DIANA, its decks, gear, equipment, appurtenances, tools, crewmembers and work methods were seaworthy and in compliance with applicable laws, statutes and regulations enacted for the safety of the crew.

21. Defendants and each of them breached this warranty in that F/V DIANA, its decks, gear, equipment, appurtenances, tools, crewmembers and work methods were neither seaworthy nor in compliance with applicable laws, statutes and regulations enacted for the

safety of the crew.

22. As a legal result of these alleged breaches, Plaintiff sustained the injuries as set forth herein suffering the general and special damages as set forth herein.

III.

THIRD CLAIM FOR RELIEF

(Maintenance and Cure)

23. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 22, above.

24. By reason of the accident set forth in the allegations above, Plaintiff was disabled and is disabled from resuming any related employment. Because of the serious and grievous injuries suffered by Plaintiff while in the service of the vessel, he was entitled to receive prompt payment of maintenance and cure. Defendants have willfully or arbitrarily failed to provide all maintenance and cure owing. As a legal result of the aforementioned failure of Defendants to provide maintenance and cure owing, Plaintiff's injury has been worsened thereby entitling him to all damages legally caused by the failure to provide maintenance and cure owing including attorneys' fees and costs and consequential special and general damages. Defendants' willful or arbitrary failure to promptly pay maintenance and cure entitles Plaintiff to recover all damages legally caused by the failure to promptly provide maintenance and cure owing, including attorneys' fees and costs and consequential special and general damages. For the purposes of this claim, recoverable attorneys' fees and costs include all reasonable attorneys' fees and costs expended on this case that are not solely related to the Jones Act and Unseaworthiness claims herein above alleged.

IV.

FOURTH CLAIM FOR RELIEF

(Statutory Wages or Sanctions for Violation of 46 U.S.C. 10601)

25. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 24, above.

26. During the time Plaintiff worked aboard F/V DIANA, Plaintiff was not

provided for each voyage on the vessel a signed written fishing agreement as required by and consistent with 46 U.S.C. section 1060. By reason of Defendants' violations of law, including without limitation, Defendants' failure to have signed written agreements or fishing contracts with Plaintiff stating the period of effectiveness, the terms of any wage, share or other compensation, any other agreed terms, as required by 46 U.S.C. section 1060, Plaintiff is entitled under 46 U.S.C. section 11107 to statutory wages or the like measured by the higher of any agreed rate for a seaman or the highest rate for any seaman at the port where Plaintiff was engaged, the exact amount to be proven at trial.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. That process and due form of law, according to the practices of this Honorable Court in causes of admiralty and maritime jurisprudence, issue against F/V DIANA, her engines, tackle, apparel, etc., and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular the matters; that Plaintiff have a judgment for his damages aforesaid, with interest and costs; and that F/V DIANA and/or her engines, tackle, apparel, appurtenances, etc., be condemned and sold to satisfy Plaintiff's judgment;

2. That process and due form of law according to the practice of this Honorable Court issue against the Defendants, citing them to appear and answer all and singular the matters aforesaid;

3. That Plaintiff may have judgment for his general, special and other allowable damages in an amount according to proof at trial;

4. That Plaintiff be awarded prejudgment interest on the amounts awarded;

5. That Plaintiff be awarded costs of suit;

6. That Plaintiff be awarded Maintenance and Cure in an amount necessary to make him whole;

7. That Plaintiff be awarded his attorney's fees, costs and related damages necessary to obtain the Maintenance and Cure owed him; and

8. That Plaintiff be awarded such other and further relief as this Honorable Court deems just and proper.

DATED: September 2, 2008

Respectfully submitted,

THE LAW OFFICE OF JOHN S. LOPEZ

By ______________________________
John S. Lopez
Attorneys for Plaintiff
PATI LEAUPEPE

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: September 2, 2008

Respectfully submitted,

THE LAW OFFICE OF JOHN S. LOPEZ

By ______________________
John S. Lopez

Attorneys for Plaintiff
PATI LEAUPEPE

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
PATI LEAUPEPE

**(b)** County of Residence of First Listed Plaintiff: American Samoa
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
he Law Office of John S. Lopez, John S. Lopez, Esq., 290 Landis ve., Suite C, Chula Vista, CA 91910 (619) 934-8797

**DEFENDANTS**
C&F FISHING, LTD; F/V DIANA; DOES 1-10

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

2008 SEP -3 PM 1:12
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

Attorneys (If Known)

'08 CV 1614 IEG NLS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☒ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
Jones Act, 46 U.S.C. §688; Admiraly & Maritime Jurisdiction:28 U.S.C. §1331 and 28 U.S.C. §1333.

Brief description of cause:
Jones Act Negligence; Unseaworthiness; Maintenance & Cure; Statutory Wages

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 9/2/08 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

vp